UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:08CV137-J

AHMED C. PALMER                                                                    PLAINTIFF

VS.

MICHAEL J. ASTRUE,
    Commissioner of Social Security                                           DEFENDANT

## MEMORANDUM OPINION

Before the Court is the complaint of Ahmed Palmer ("Plaintiff" or "Claimant") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g). After examining the administrative record ("Tr."), the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the defendant Commissioner should be vacated and this matter remanded for further proceedings

## PROCEDURAL HISTORY

On January 18, 2005, Claimant filed application for Supplemental Security Income benefits. After a hearing, Administrative Law Judge Roland Mather ("ALJ") determined that plaintiff's congestive heart failure and history of ethanol induced cardiomyopathy, hypertension, and history of resolved renal failure were severe impairments that prevented his return to any past relevant work. The ALJ further found that Mr. Palmer retained the residual functional capacity for jobs that exist in significant numbers in the national economy. This became the final decision of the Defendant when the Appeals Council denied review on January 10, 2008.

## STANDARD OF REVIEW

The task of this Court on appellate review is to determine whether the administrative

proceedings were flawed by any error of law, and to determine whether substantial evidence supports the factual determinations of the ALJ. <u>Elam v. Commissioner</u>, 348 F.3d 124 (6th Cir. 2003). "Substantial evidence" exists if there is sufficient evidence from which reasonable minds could arrive at the challenged conclusion. <u>NLRB v. Columbian Enameling and Stamping Co.</u>, 306 U.S. 292 (1939); <u>Foster v. Bowen</u>, 853 F.2d 483 (6th Cir. 1988). If the proceedings are without reversible error and if substantial evidence exists to support the challenged conclusions, this Court must affirm, regardless of whether the undersigned would have found the facts differently.

## ARGUMENTS ON THIS APPEAL

Plaintiff contends that the ALJ erred in failing to treat the psychological problems as a severe impairment. The significance of finding an impairment "severe" or "non-severe" is whether the examination of the claimant's circumstances is taken to the next step in the sequential analysis. If any impairment is found severe, the analysis is taken to the next step, such that the mere failure to classify a second impairment severe is irrelevant, so long as the actual impact of that impairment is considered as part of the whole. To the extent plaintiff argues that finding that a particular impairment is not severe can in itself constitute reversible error, he is incorrect. In <u>Maziarz v. Secretary of Health & Human Services</u>, 837 F.2d 240, 244 (6th Cir. 1987), the Court established that there is no error in finding a particular impairment non-severe so long as the effect of that condition is considered in determining whether the claimant "retained sufficient residual functional capacity to allow him to perform substantial gainful activity."

However, plaintiff's argument goes further. As noted, if any impairment is found severe, the analysis is taken to the next step, such that the mere failure to classify a second impairment severe is irrelevant, *so long as the actual impact of that impairment is considered as part of the*

*whole*. Plaintiff contends that the ALJ erred in failing to consider the actual impact of his mental impairment on his residual functional capacity. The Court agrees that the ALJ's analysis of the psychological evidence does not withstand scrutiny.

On October 19, 2005, examining consulting psychologist Lynch provided a report that concluded Mr. Palmer had slight limitation in ability to understand and carry out instructions, and slight limitation in ability to sustain attention, but moderate limitation in ability to respond appropriately to coworkers and supervisors, and marked limitation in ability to tolerate the stress of day to day work. Tr. 295-296. The ALJ acknowledged the opinion, but rejected it because it "appears to have been influenced by the claimant's reporting that he did not have a history of alcohol use ..." Tr. 20. The statement is quite puzzling, given that a review of the entirety of Dr. Lynch's report fails to disclose any basis for this ALJ conclusion. Indeed, Dr. Lynch explicitly noted that the opinion was "based upon a review of the claimant's history, the current mental status interview, and the consultant's clinical opinion." Tr. 295. While Dr. Lynch recorded Mr. Palmer's denial of previous problems with alcohol, it requires an unacceptable leap of logic to go from that recordation to the conclusion that Lynch would not have perceived psychological limitations if Mr. Palmer had made a different statement. Furthermore, there is no evidence that Mr. Palmer had used alcohol for weeks or months prior to the examination.

Defendant invites us to conclude that the ALJ's determination of lack of limitation is supported by the December 28, 2005 opinion of a state agency psychological consultant. We have in the past noted that we cannot disregard the ALJ's stated reasons in favor of alternative reasons offered by counsel, but in this case there is yet another impediment to accepting the Commissioner's invitation: The state agency consultant did not examine Mr. Palmer, and relied solely on Lynch's

3

written report, which he appears to have misread. The consultant's one paragraph note states, "[mental status examination] done on 10/19/05 was essentially [within normal limits]" Tr. 297. The consultant provides no indication of how this "within normal limits" conclusion squares with Dr. Lynch's opinion regarding "marked" limitation.

Plaintiff also contends that the ALJ failed to evaluate his complaints of fatigue. Mr. Palmer testified regarding tiring easily and easily getting short of breath. Tr. 413-414. The ALJ noted that there was no "objective medical evidence to corroborate" these complaints. Tr. 22. Plaintiff contends that ALJ failed to evaluate plaintiff's complaints of fatigue. Because remand is necessary to address the confusion regarding the psychological impairment, it is unnecessary for the Court to analyze in any detail plaintiff's alternative argument. However, the Court notes that plaintiff's other instances of self-report to the Social Security Administration do not constitute objective medical evidence (in contrast to something such as a doctor's office note or a clinical record). While Mr. Palmer's lack of treatment history does not preclude his claim, it does make it more difficult for him to carry his burden of proving disability, a burden that always remains with the claimant. Key v. Callahan, 109 F.3d 270 (6th Cir. 1997), Tyra v. Secretary, 896 F.2d 1024 (6th Cir. 1990).

An order in conformity has this day entered.